Good morning all. The argument today we have is case 24-1298, Fales v. Collins. Ms. Lopezina, ready to proceed? We're ready to hear you. Yes, your honor. Thank you. And thank you for the accommodation on the oral argument. May it please the court. The central issue in Fales is first-hand fact-finding. We've got multiple pieces of critical evidence that were not considered by the board in the first place. They failed to comply with their reasons or bases requirement duty, which requires them to discuss evidence and either reject or accept the material evidence and probative value. And that was not done here. First, we have an opinion, medical opinion submitted by the veteran prescriber provider that had multiple medical treatises connected to it that were not addressed by the board. The veterans court made first-hand fact-finding about those articles saying that they weren't relative, they weren't probative, and that they were basically explaining what the article said, some of what they said, and the board said, and that just can't stand. The second piece of evidence that was introduced was by the American Legion. They sent a brief up to the board, which had multiple links in it that discussed cancer and multiple myeloma and them being exacerbated by asbestos exposure. And they discussed that in the brief. This was also never addressed by the board. And again, at the veterans court, the judge in that position then issue exhausted it, that it should have been raised beforehand. But we have an issue here where we can't make an argument when the error hasn't occurred yet. So the fact that the board didn't address the American Legion's brief and the evidence presented in it could not have been ascertained beforehand. So it's unclear why issue exhaustion was applied in that situation. It's inapplicable and it's an unlawful application. So counsel, counsel, this is Judge Crouse. Let me just ask you about the first point you were making. I take your point about the board on its own, the CAVC on its own, just up and doing fact finding. But in this context, as I understand what the CAVC was doing, it was determining whether the board's failure to discuss the articles was somehow prejudicial error or clear error or something. And in order to do that, by necessity, had to discuss the articles in order to evaluate the harmless error or whatever it was doing. Is that not correct? Of course, we need to determine whether or not there's prejudice or harmless error. However, the court only addressed those portions of the article that furthered its position. The articles, if they're read in their entirety, discuss the fact that asbestos can cause multiple myeloma. And the examiner wouldn't have submitted those articles on behalf and in support of it if they didn't, particularly the articles that were issued by American Legion in their brief. And they talk about what the article said. So, but it's one thing for, had the board made a finding about it and said, we read these articles, we don't find them to be probative, we find them to be irrelevant. So we're rejecting that as probative evidence. And then for the veterans... May I interrupt Ms. Lopezina, please? Yes. Yes, Your Honor. Can we talk separately about what I'll call the Mubarak articles? These were the ones that were put in the record in 2012 and they deal with the American Legion separately. Yes, Your Honor, absolutely. The opinion of the CABC dealt explicitly with the, what I call the Mubarak articles and made a, examined them and made a finding that there was harmless error, that to the extent that the board failed to look at these, the error was harmless. Your brief doesn't challenge the harmless error determination. I just heard you to say now that you think that the CABC was wrong and that there's material in those references that they should have seen, but you did not challenge the finding that there was harmless error with regard to Mubarak. So that's my point of view with Mubarak, you haven't really made your case. Secondly, if you look at American Legion, the American Legion argument was really dealt with in the opinion by the CABC at page appendix nine, just after they have finished talking about why the Mubarak articles are of no help to you. They then say that there are arguments that were made in the secretary's brief that you did not respond to because you failed to file a response brief to the CABC. And in that, the argument that they are referring to that they are rejecting is your argument based on the American Legion articles for the same reason. If you go back and look at the brief you filed at the CABC, you clearly argued that it was error to overlook the American Legion articles. The secretary responded at the CABC level with an explicit argument in which he pointed out, first, he didn't think that the reviewing medical examiner on the remand did overlook them, but in any event, if they did, for the same reasons that Mubarak articles were harmless error, that was the same was true with regard to American Legion, namely that they did not teach what you claimed about direct causation. And so it looks to me like both with regard to the two sets of information that you believe were not done, there is a harmless error finding that you did not challenge. If it's so that both the Mubarak and the American Legion articles are out of the case in terms of helping you, it substantially undermines the other points in your case. So I think we need to look at those two articles, two batches of arguments separately. With respect to the first argument about the Mubarak email, the board never addressed it in the first place. And that's what has to be done according to the law. I mean, so the Veterans Court can't... Ma'am, it doesn't have to be done if there's a determination in the harmless error analysis that the information was not relevant. But the board never made that judgment, never made that finding that there was harmless error. The board doesn't have to make the judgment if it is determined subsequently that it was harmless error for it not to have done that. The harmless error analysis is dealing with a situation where admittedly the board has not considered something. And so when a harmless error ruling comes down against you, you have to make a specific argument about the failed analysis of the harmless error test. And as I say, you didn't do there was a clear harmless error analysis conducted by the CAVC opinion. It's in the section that just precedes appendix nine. And then as I say, your clear argument to the CAVC that there was error throughout for failure to consider the American Legion articles, that was disposed of because I'm sorry to say you failed to respond and the CAVC adopted the secretary's view that the American Legion articles were not relevant. And therefore it was harmless error. The American Legion articles specifically state that people who've been exposed to asbestos are at higher risk for developing myeloma. So that is in my brief, it says it very clearly. And the argument was made at the outset. Ma'am, I'm sorry to be pressing. I understand what you're saying in your brief, but the problem is that we have to review the decision that was made by the CAVC and the CAVC made a decision with respect to both of these bodies of information, Mubarak and American Legion, that it was harmless error for the board to treat them as of no effect whatsoever. And I'm arguing that that's arbitrary, capricious and an abuse of discretion. That's not what the articles say. And I'm not a medical doctor, so I'm not here to dissect the... Secondly, if you're going to come to it on the exhaustion issue, I think there's some possible misunderstanding about what footnotes two and three relate to. I believe the CAVC's opinion makes clear that the Mubarak articles, pardon me, Mubarak and Legion are out as a matter of harmless error and that in paragraph footnote two, they're responding to what I will refer to as your plural disease theory. As I understand it, your primary, your main argument to the board or your only argument to the board was that asbestos could be a direct cause of the bone marrow disorders that Mr. Fales suffered. And when you came to the CAVC, you had a refinement or a different version of that argument, namely that asbestos wasn't the cause, but it was an indirect cause because plural diseases, if they have been shown in your view, citing online evidence, your view that plural diseases can result from exposure to asbestos. Yes. And that was reasonably raised by the record. And that's what I was arguing is that the board should have addressed it in the first place. Ma'am, I fully appreciate your argument and I understand it, but there is a determination here by the CAVC and as argued by the secretary, that that was a new theory. That was not an argument that had been presented to the board. Had the board considered the articles in the medical treatise evidence in the first place, then they would, and either rejected or accepted it or given them some probative weight, then there would have, it was reasonably raised by the record and they would have addressed it. Well, the finding by the CAVC and the argument by the veteran that this was a new theory and had not been presented is again, your problem is you did not file a reply brief in this court. And so the part of the problem from my take on your case is that the failure to file reply briefs, both at the CAVC and here has precluded your ability to make the argument that you're making now. You're in your rebuttal council, but please feel free to respond if you have a response to Judge Klobuchar's comments. I don't, your honor. I yield the rest of my, I yield. Okay. Government council up next, Ms. Fomenkova. Good morning, your honors. May it please the court. The court should dismiss this appeal because it does not raise any legal questions for this court to address. First of all, the veteran's court did not make its own new factual findings. It was reviewing the factual. Could I interrupt you for just a moment, ma'am? If indeed the CAVC engaged in independent de novo first time around fact finding, that would be a legal error, would it not? So I think the question of whether or not- You can answer that yes or no. Don't answer it with the question. I mean, just assume a case in which the board decision, the CAVC decision starts off and said, this is a difficult case and there are a number of issues that weren't decided by the BVA and we're going to decide these factual issues independently ourselves. And there were- That would be a reversible error, yes. That would be reversible. So you're, give credit please to Ms. LaPosina's argument. She's arguing, I think, incorrectly, but she's arguing that there was illegal fact finding conducted by the CAVC. So to the extent that she's making that argument, now you've just told me that that would be a legal question, correct? Correct, except that that's not what happened. Thank you very much. Secondly, with regard to whether or not Bozeman is or is not correctly applied, if you had a case in which it was very clear from the facts that the appeal was on the basis of Bozeman was that there was an issue which had clearly been presented to the board, the same way the bone marrow disease connected directly from asbestos was clearly presented to the board here. And there was an argument that favorable evidence had been overlooked, correct? But the CAVC rejected that. That would be a clear error of law, right? So long as the CAVC didn't make determinations contrary to Bozeman, I think, you see, you see, please again, give some credit to La Pazina's argument. Her argument, which I believe is incorrect, is that the issue she's talking about was the issue presented to the board, which was the direct causation of bone marrow from exposure to asbestos. That was an argument she did present to the board. And she's arguing that the board failed to look at the four articles we've been talking about, the Mubarak and the American Legion. And if she was correct, that that evidence was overlooked, she would have a good Bozeman argument. And therefore, there would be a question of law regarding Bozeman, right? I'm not sure it would be a Bozeman argument. That's her. Her argument is that, and I'm now talking not about the plural disease theory, which was new and was based on evidence not on the record. And that was taken care of by footnote two. I'm talking about the direct causation by asbestos of the bone marrow diseases and based on she's arguing she knows she made that argument to the BVA. And if indeed she had access, if she could get at the American Legion and Mubarak articles, that's evidence that she argues is favorable. And under Bozeman, it would have been wrong, right? For the board not to look at that. Right. So I think that that's the clear error of a factual finding rather than an issue exhaustion question. Excuse me. I don't, it's wrong of me to want to gobble up all your argument time debating with you about whether or not there's a fact or a law issue in front of us. Yeah. Please proceed. Sorry if I interrupted you. That's quite all right, Your Honor. I think critically sort of what we have here, the board did make factual findings. It's at appendix page 73, the board and that's in its list of factual findings concludes that there was no evidence that the veteran's bone marrow diseases were causally related to his service and not this disputed question about whether the asbestos, the admitted asbestos exposure. Yes, that's clearly true, ma'am. But also the CAVC itself said that the board failed to look at the articles that we've been talking about. So I think what the CAVC. There's basically what the board was saying. There's no evidence that we looked at that shows direct causation. Well, under I think under this court's precedent, we also presume that the board considered all the evidence, and that would include at least all the evidence in the in the record. I know the cases you're relying on. But when you say that we're just going to presume that the board has looked at all relevant evidence, then if that's the case, there's Bozeman, you're overruling Bozeman. I don't think we're overruling Bozeman. I think they're sort of addressing. Explain why not. I mean, Bozeman stands for the proposition, right? That you can have a remand to the board to make it look at evidence that it didn't consider. Why would you ever do that? Why would you ever do that if you presume that the board has all looked at all the evidence? Well, I think that gets to the to the clear error sort of review that the Veterans Court did here on the factual finding that that there was no causal connection. And so, had the But it wasn't clear error. Deciding whether or not there was harmless error, right? There's a legal analysis that's conducted by examining the document that supposedly to find out whether it was or was not harmless error to overlook it. I think here the Veterans Court really did both pieces. And so, because it opened with the recognition that the board You say the board or the CAVC? The CAVC, I think, did both a clear error review and a harmless error review on the factual finding. Can you point to me somewhere in the opinion where the word clear shows up next to the word error? No, but that's the standard for factual finding. So, what the Veterans Court and it's all on appendix page eight. I don't know that you need to spend time. Your adversary hasn't challenged this point. She hasn't challenged, hasn't said to us that the CAVC made a mistake in finding that there was harmless error. That's right. And that's sufficient. So, whether it was clear error or harmless error, it doesn't take you anywhere. It does not. I think the bigger point here is that the board made the fact finding that there was not a causal connection and the Veterans Court in its proper appellate role reviewed the arguments that Ms. Bales made to challenge that factual finding and found them insufficient. Either through harmless error because the articles sort of were not even arguably favorable. And then there were some issues that it found were not, were never, should have been raised, could have been raised to the board when, you know, relying on evidence that were not in the record and those that declined to consider on issue of exhaustion grounds. And so, critically, I think for this court in terms of its review, obviously, this court can't review the fact findings or the application of a lot of fact. I think it therefore can't review and overturn the Veterans Court's determination. May I interrupt, please, Ms. Kendall? As I think you heard me say to Ms. Lopezina, I'm reading footnotes two and three in the opinion of the CBC at appendix nine. Footnote two to be rejecting Ms. Bales' what I call plural disease theory with regard to her bone marrow claims. And then I understood footnote three similarly to the bone marrow claims with regard to her DIC argument dealing with the cause of death, they're rejecting exhausting for the same reason. And that those, well, the footnotes are dealing with what you describe in your brief as the new and novel plural disease theory. Is that your understanding of the footnotes? So, I'm not certain offhand how to sort of which of the theories exactly it's referring to. But I certainly do read, I agree with your honor that the two footnotes are that what the Veterans Court refused to consider there on issue of exhaustion grounds were arguments that it found to be new and based on material that was not previously in the record. So, if the argument is new, the argument that exposure to asbestosis can directly cause the bone marrow disease, that's not new. So, I think you're agreeing with me that footnotes two and three are referring to the new argument. Right. I mean, that's what the Veterans Court held is that's what it was declining to consider on issue of exhaustion grounds. I don't mean to be overly critical. You have heard me express what might be described as criticism of La Pazina for her brief for not having filed a reply brief to frame these issues. But your brief and my judgment isn't really very clear in explaining how you were reading what it was that was being exhausted. And you've now clarified that for me, which is helpful. But it would have been easier for all of us if the briefs had clearly specified what your judgment is as to what was exactly being exhausted. That's a statement you don't need to respond to and continue with your argument. I mean, I think, again, at bottom, sort of our view here is that the Veterans Court applied this court's existing precedence. This court recognizes the possibility of issue exhaustion and the Veterans Court has discretion to apply that. That's what they did here. Right. But as you appreciate from defending these cases, there is considerable concern in the Veterans Bar at the moment about what the Veterans Bar considers to be over application of the exhaustion doctrine. And you know that as well as I do, as well as the court does. In this particular case, we have an opinion from the CABC that is somewhat cryptic because it doesn't give you a full explanation with precision as to how, for example, the Veterans Court dealt with the American Legion articles. So all I'm saying is that when you have a case with the opinion as in some cases as cryptic as it is, it's very helpful to this court if counsel appreciates the kind of opinion they're dealing with and addresses what are the obvious questions in their briefing to help us to appreciate exactly what is being held below. And we will certainly endeavor to do better in the future, Your Honor. As I said, to the extent that I'm being unnecessarily harsh and critical of both of counsel, I don't mean to be that way. What I want to do is to engage with counsel on both sides to encourage you to help us be able to correctly decide these cases. Certainly, Your Honor. Anything further? I think I've made my point. So unless the court has further questions, which I'm happy to address, we would ask that the court either dismiss or affirm. Thank you. Ms. Lopezina, you have about four or five minutes. Your Honor, I do just ask the court to reverse and or remand the matter. And apologies to the court for failing to file a reply brief. That is the first time that I've done that with the Federal Circuit. And I have learned my lesson.  Could I just make one more comment, Ms. Lopezina?  Thank you very much for your candor. It's very important, very important for this court to have private counsel stand up and present fine arguments to this court on behalf of the veterans of our country. And I want to thank you for that. In this particular case, without trying to sound unusually harsh, your failure to file a reply brief at the CAVC probably hurt you more than your failure to file a reply brief here, because it's clear to me, at least, that your attempt to gain benefit from the American Legion articles was undone because the CAVC chose to simply accept the Secretary's view of that matter instead of yours because of what the CAVC, in its opinion, referred to for the unrebutted reasons stated by the Secretary. So I would advise you to be careful and watch out for what happens at the CAVC, because you now see what can happen if you don't rebut the Secretary's argument with a reply brief. Thank you for your guidance, Your Honor. I'm in a lecturing mode today, and I apologize to both counsel and to my colleagues for that. No, Your Honor, I'm still learning. I'm still learning, and it's an honor to be before this court, and I'm doing my best. And I appreciate all of the constructive comments. So thank you. I noticed in your brief that Kenneth Carpenter has been on your side to some extent with regard to this case, showed him as showing perhaps an amicus brief at some point. But Mr. Carpenter is very, very skilled, and you'd be well to study with him. Well, thank you. We thank both counsel. The case is submitted, and that concludes our proceeding for this morning.